[Civ. No. 9192.   First Appellate District, Division Two.—December 5, 1934.]

JOSEPH BACCIOCCO, Appellant, v. TRANSAMERICA CORPORATION (a Corporation) et al., Respondents.

M. Mitchell Bourquin and Clinton L. Markley for Appellant.

Louis Ferrari and W. E. Johnson for Respondent.

NOURSE, P. J.—Plaintiff sued for damages for breach of an alleged oral contract.   The defendants' demurrer to the amended complaint was sustained without leave to amend and judgment for them followed.   The appeal is on the judgment roll.

596

The amended complaint alleges generally that on April 3, 1928, the defendants persuaded plaintiff to enter into a written contract with Bancitaly Corporation for the purchase of 589 shares of the capital stock of the Bank of America N. A. at $225 per share, payments to be made in designated installments. This contract permitted the buyer, after being in default for a period of sixty days, to demand the refund of all installments of principal theretofore paid. It is alleged that this plaintiff became in default and demanded the refund of the money paid, that the defendants acknowledged his demand and drew a draft to his order in the full sum due; but that the defendants then importuned plaintiff not to relinquish his stock and represented to him that, as he was an influential member of the community and had many friends who held similar contracts, his withdrawal from "the enterprises of the defendants" would cause many other subscribers and holders of similar contracts to withdraw to the damage of defendants. It is then alleged that at said time the oral contract which is the basis of this action was made wherein the defendants promised that if plaintiff would purchase 2,500 shares of the Transamerica Corporation at $40 a share (the stock then selling on the open market between $44 and $45 a share) and would continue his contract with the Bancitaly Corporation "the defendants would promise, agree and guarantee that within three (3) months the said shares of stock of the Bank of America N. A., and of the Transamerica Corporation above mentioned would sell on the market at a figure or price at which said stocks could be sold and recover for plaintiff all the moneys invested in the said installment contract and in said twenty-five hundred (2500) shares of Transamerica Corporation". Allegations follow that within the period of three months thereafter the said shares did not sell on the market at the price promised by defendants, but that the price thereof broke and declined so that plaintiff was obliged to sell his holdings at a loss.

It is apparent that the gravamen of the action is the alleged unconscionable contract between the parties interested in maintaining in the public market a selling price for these stocks above their real value. The contract as alleged, which, of course, is admitted for the purpose of the demurrer, was a fraud upon the other stockholders of both

corporations and a fraud upon the public generally. By this bargain the plaintiff sought to induce the stockholders of Bancitaly Corporation to refrain from disposing of their stock and to lead the public to buy shares of the Transamerica Corporation at a fictitious and unfair price.

There are no allegations that the plaintiff entered into the contract through duress, menace, undue influence or misrepresentations. The pleading plainly states that, in consideration of plaintiff's obtaining the Transamerica stock at a price four dollars below the market, he would lend his name and influence to a fraudulent scheme to boost the stock on the market to such a price that he could sell out at a handsome profit to the detriment of his friends and business associates who would be left "holding the sack". Such a contract, being contrary to good morals, is expressly declared to be unlawful by section 1667 of the Civil Code.

For these reasons the appeal from the judgment is controlled by the established rule that one *"in pari delicto"* cannot maintain an action for *affirmative* relief which would entail the enforcement of an illegal contract. (6 R. C. L., p. 823; 6 Cal. Jur., secs. 72, 108; Restatement of the Law of Contracts, sec. 598; *Gugolz* v. *Gehrkens,* 164 Cal. 596, 605 [130 Pac. 8, 43 L. R. A. (N. S.) 575]; *Bank of Orland* v. *Harlan,* 188 Cal. 413, 421 [206 Pac. 75]; *Takeuchi* v. *Schmuck,* 206 Cal. 782, 786 [276 Pac. 345].)

The judgment is affirmed.

Sturtevant, J., concurred.