Filed 2/15/24  Harsini v. Rahimi CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| MIKE HARSINI, | B329350 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 21STCV32868) |
| v. | |
| MOSTAFA RAHIMI, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark A. Borenstein, Judge.  Affirmed.

Mike Harsini, in pro. per., for Plaintiff and Appellant.

Law Offices of Allen Hyman and Allen Hyman for Defendant and Respondent.

———————————————

Mike Harsini appeals from a defense judgment entered in his breach of contract lawsuit against his mother's doctor, Mostafa Rahimi.  Harsini failed to demonstrate trial court error and we therefore affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

After his mother passed away in 2019, Harsini brought a wrongful death lawsuit against his mother's senior living facility and its executive director.  The trial court granted summary judgment for the defendants.  The court's ruling was based in part on an uncontroverted expert declaration opining that the defendants did not cause or contribute to Harsini's mother's death.

The following month, Harsini filed a complaint against Rahimi for breach of an oral contract.  The complaint alleged that Rahimi had agreed to provide expert testimony in the wrongful death lawsuit, he failed to do so, and, as a result, Harsini lost the lawsuit.  Harsini attached a letter to the complaint in which he asked Rahimi to submit a declaration for Harsini to use in his wrongful death suit.  The letter stated Rahimi would "receive 20% of the compensatory and punitive damages [Harsini] can collect."

The matter proceeded to a bench trial.  At the conclusion of Harsini's case, the trial court granted judgment for Rahimi pursuant to Code of Civil Procedure section 631.8.  The court concluded no contract was ever formed between Harsini and Rahimi.  Further, even if an agreement was formed, at most it "contemplated that Dr. Rahimi would come to court and testify, if he was subpoenaed, but the plaintiff admitted that there was no subpoena.  [¶]  That was a failure of a condition essential to the agreement."  The court, citing *Van Norden v. Metson* (1946) 75

2

Cal.App.2d 595, further determined the proposed agreement would be void under California law because it included a contingency fee.  Finally, the court concluded Harsini failed to show that he suffered harm because he did not establish that, had Rahimi provided expert testimony, Harsini would have prevailed in the wrongful death case.

The court entered a defense judgment.  Harsini timely appealed.[1]

## DISCUSSION

It is a fundamental rule of appellate review that an appealed judgment or order is presumed correct, and error must be affirmatively shown.  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*); *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  " 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court.' " (*Jameson*, at p. 609.)  It is also the appellant's burden to provide reasoned argument and citations to relevant legal authority to support that argument.  (*Lee v. Kim* (2019) 41 Cal.App.5th 705, 721; *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277.)  Accordingly, "[w]hen an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as forfeited." (*Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1075 (*Delta Stewardship*).)  These "same rules

---

[1]    We deny Rahimi's request for judicial notice of a different opinion of this court involving Harsini.  The opinion is not relevant to our analysis. (*Grosz v. California Dept. of Tax & Fee Administration* (2023) 87 Cal.App.5th 428, 447, fn. 12 [appellate courts will not take judicial notice of matters irrelevant to the dispositive point on appeal].)

3

apply to a party appearing in propria persona as to any other party." (*Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 205 (*Flores*).)

Harsini's appellate briefing fails to discuss the trial court's ruling or its reasoning. He also fails to cite to the record or to any legal authority to support a claim of trial court error. Instead, Harsini repeatedly re-asserts his claim that Rahimi agreed to testify or provide a declaration in the underlying wrongful death lawsuit and failed to do so.[2] However, an appeal reviews the correctness of a trial court judgment. It is not a second opportunity to litigate the appellant's allegations. (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.)

The only argument we can discern from Harsini's briefing is that Rahimi "mentioned that there is no need to have him subpoenaed" to testify in the wrongful death lawsuit. Not only did Harsini forfeit this contention by raising it for the first time in his reply brief (*Raceway Ford Cases* (2016) 2 Cal.5th 161, 178), he has not connected the assertion to any claim of trial court error. It is not clear if Harsini is indicating the evidence was insufficient to support the trial court's factual findings, or contending the trial court erred in its legal conclusions. Nor does Harsini provide a citation to the record to support his factual assertion. This court is not obligated to "cull the record for the benefit of the appellant . . . ." (*Claudio v. Regents of the University of California* (2005) 134 Cal.App.4th 224, 230.)

---

[2]    Harsini also contends Rahimi caused his mother's death by failing to promptly order dialysis treatments for her. However, he fails to explain how this argument relates to his breach of contract lawsuit or the trial court ruling.

"It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness." (*Delta Stewardship*, *supra*, 48 Cal.App.5th at p. 1075; *Dills v. Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1 [appellate court will not develop appellant's arguments].) Merely restating allegations without offering any reasoned argument is insufficient to create a cognizable issue for appellate review. Harsini has not demonstrated any error and has forfeited any points raised by failing to support them with reasoned argument, citations to the record, or citations to legal authority. We therefore affirm the judgment. (*Flores*, *supra*, 224 Cal.App.4th at p. 205.)

5

## DISPOSITION

The judgment is affirmed.  Respondent to recover his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ADAMS, J.


We concur:


LAVIN, Acting P. J.


EGERTON, J.


6